# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIKAY TEJEDA,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Action No. 17-473 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge:

Presently before the Court is the motion of Mikay Tejeda ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 1). Following an order from this Court, the Government filed a response to the motion. (ECF No. 5). Despite ample opportunity (*see, e.g.* ECF No. 8), Petitioner failed to file a reply. For the following reasons, the Court will dismiss Petitioner's motion as untimely.

## I. BACKGROUND

On or about May 4, 2012, a federal grand jury returned a one count indictment charging Petitioner, Mikay Tejeda, with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. (Docket No. 12-312 at ECF No. 38). Following a jury trial, Petitioner was found guilty on October 1, 2013. (*See* Docket No. 12-312 at ECF No. 106). Following trial, however, two issues came to light which required the Court's attention, resulting in a hearing held on October 20, 2013. (*See* Docket No. 12-312 at ECF No. 152). The first issue discussed at the hearing concerned the rough notes of a federal agent taken during an interview with Neil Van Den Berg, a witness relevant to Petitioner's trial. (*Id.* at 4). Throughout trial, when

those notes were requested, the Government stated that no such notes existed. (*Id.*). After trial, however, the Government informed the Court that, after the trial verdict had been reached, the agent involved, who had previously stated that he did not remember taking notes, found rough notes of the interview when moving offices on October 4, 2013. (*Id.* at 4–5). Upon the discovery of the notes, the Government provided them to both the Court and defense counsel. (*Id.* at 5-6). The second issue which came to light at the hearing was that certain documents which had not been entered into evidence, including the Government's rebuttal notes, had been mixed in with the evidence and had made it into the jury room with the jury. (*Id.* at 9–11). Based on these two issues, counsel for the defense requested, and was granted, two weeks to file any motion he may have for a mistrial or other relief based on these two issues. (*Id.* at 11).

Over the course of the next several weeks, the parties negotiated and eventually agreed to a plea agreement under which Petitioner would plead guilty to a superseding information charging him with the distribution and possession with intent to distribute of five or more kilograms of cocaine, which the parties agreed would not violate double jeopardy,[1] resulting in Petitioner receiving a sentence falling into a guidelines range between 23 and 27 with a stipulated criminal history category of I, in return for a dismissal of the jury's prior verdict against him. (*See* Docket No. 12-312 at ECF No. 125). That agreement also contained an explicit appellate waiver in which Petitioner agreed not to file any appeal or § 2255 motion challenging his sentence if he were sentenced pursuant to the agreement. (*Id.* at 8-9).

On December 20, 2013, Petitioner appeared before the Court and pled guilty pursuant to the agreement. (Docket No. 12-312 at ECF No. 151). On May 7, 2014, Petitioner appeared before the Court and was sentenced to a term of imprisonment of seventy eight months accompanied by

---

[1] Indeed, the plea agreement contained an explicit waiver of any double jeopardy claim by Petitioner. (*See* Docket No. 12-312 at ECF No. 125 at 8-9).

2

a three year period of supervised release. (Docket No. 12-312 at ECF Nos. 131, 133). This Court also dismissed the jury's verdict at that time. (*See* Docket No. 12-312 at ECF No. 131). Petitioner did not file an appeal. (ECF No. 1 at 2). On November 13, 2015, however, Petitioner moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on a retroactive amendment to the sentencing guidelines issued in 2014. (Docket No. 12-312 at ECF No. 146). On November 16, 2015, this Court granted that motion and reduced Petitioner's sentence to 64 months of imprisonment. (Docket No. 12-312 at ECF No. 147).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). Prior to ordering an answer to a § 2255 motion, Rule 4 of the Rules Governing Section

3

2255 Proceedings requires that the district court review a petitioner's § 2255 motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

**B. Analysis**

**1. An evidentiary hearing is not required**

28 U.S.C. § 2255(b) requires an evidentiary hearing for all motions brought pursuant to the statute "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, Docket No. 13-2896, 2015 WL 4742380, at *3 (D.N.J. Aug. 11, 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. For the reasons set forth below, Petitioner's motion is untimely and there is no basis for the equitable tolling of the statute of limitations. As such, Petitioner is not entitled to relief as a matter of law, as his motion is time-barred and no evidentiary hearing is necessary for the resolution of his motion.

**2. Petitioner's § 2255 is untimely and there is no basis for equitable tolling**

In their response to Petitioner's motion, the Government argues that Petitioner's motion is time barred and should be dismissed as such. Motions brought pursuant to 28 U.S.C. § 2255 are

4

subject to a one year statute of limitations which runs from the latest of the following events: the date on which the conviction becomes final, the date on which an impediment to making the motion is removed, the date on which the right asserted was initially recognized by the Supreme Court if Petitioner's claim is based on a newly recognized right made retroactively applicable to cases on collateral review, or the date on which the facts supporting the claim could first have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)–(4). Where the statute of limitations runs from the date on which a petitioner's conviction becomes final and the petitioner did not file a direct appeal, the conviction is considered final on "the date on which the time for filing . . . an appeal expired." *Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999); *see also United States v. Johnson*, 590 F. App'x 176, 177 (3d Cir. 2014). A criminal defendant is required by the court rules to file his notice of appeal within fourteen days of the date of his sentencing. Fed. R. App. P. 4(b)(1)(A)(i); *Johnson*, 590 F. App'x at 177.

This Court sentenced Petitioner on May 7, 2014. Petitioner did not file a direct appeal, and his conviction therefore became final fourteen days later on May 21, 2014. *See Johnson*, 590 F. App'x at 177. Absent equitable tolling, Petitioner's one year statute of limitations had therefore run one year later on May 21, 2015. 28 U.S.C. § 2255(f). Petitioner did not file his current motion to vacate until January 13, 2017, (*see* ECF No. 1 at 14), approximately twenty months after the statute had run. Petitioner's motion would therefore be time-barred without some form of equitable tolling or an alternative start date for the running of the statute of limitations.

In his petition, Petitioner presents two potential arguments in favor of his petition being found timely – first, that the Court should consider his one year limitations period to run not from his original sentence, but from the date of his sentence reduction pursuant to 18 U.S.C. § 3582(c)(2); and second, that the *Brady* violation he is attempting to raise should entitle him to the

benefit of equitable tolling or an alternative running date for the statute of limitations. (*See* ECF No. 1 at 12). Turning first to Petitioner's § 3582(c) argument, Petitioner is mistaken. Although § 3582(c)(2) permits the Court to reduce a movant's sentence based on a retroactive change to the United States Sentencing Guideline, § 3582(b) specifically states that "[n]otwithstanding the fact that a sentence . . . can . . . be . . . modified pursuant to the provisions of [18 U.S.C. § 3582(c),] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b)(1). Courts have thus long held that § 3582(c)(2) reductions have no effect on the finality of a movant's sentence for the purposes of determining the timeliness of a § 2255 motion, and that a reduction in sentence under § 3582(c)(2) therefore does not affect the running of the § 2255 limitations period in any way. *See, e.g., Abbott v. United States*, No. 98-1449, 1998 WL 229652, at *2-3 (E.D. Pa. Apr. 29, 1998); *see also United States v. Sander*, 247 F.3d 139, 142-43 (4th Cir. 2001) (holding that § 3582(b) makes it clear that a modification of sentence pursuant to § 3582(c) does not affect the finality of a criminal judgment and does not alter or toll the running of the limitations period for § 2255 motions); *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001). Because a sentence reduction under § 3582(c) does not affect the finality of Petitioner's judgment of conviction, Petitioner's sentencing reduction does not affect the running of the § 2255 statute of limitations in any way and thus does not provide an avenue for Petitioner's claims to avoid the applicable time bar. Petitioner's first argument is thus without merit.

In his second argument, Petitioner contends that the alleged *Brady* violation he is attempting to raise should provide him with either equitable tolling or a later start date for the running of the § 2255 limitations period. While a *Brady* claim may establish an alternate start date for the running of the statute of limitations or a basis for equitable tolling insomuch as a *Brady*

claim either is based on newly discovered evidence or arises because the Government placed an unconstitutional impediment in the way of the Petitioner bringing his claim by failing to disclose the alleged *Brady* material, *see, e.g., Munchinski v. Wilson*, 694 F.3d 308, 327-28 (3d Cir. 2012), Petitioner does not become entitled to a new start date merely because he asserts that there has been a *Brady* violation. The Petitioner must instead show that he is entitled to a later start date based on a Government created impediment or new evidence by identifying the alleged *Brady* material he has been denied and establishing that it either could not have been acquired in a timely fashion through due diligence or that he was actively prevented from acquiring the material until some point within one year of the date on which he filed his § 2255 motion. *Id.*; *see also Rinaldi v. Gillis*, 248 F. App'x 371, 378 (3d Cir. 2007).

Here, Petitioner asserts that he was denied *Brady* material because certain trial witnesses including "cooperating witnesses and co-defendants . . . were found to be untruthful under oath," and he was not informed of this until after his trial and subsequent plea.[2] (ECF No. 1 at 4). Petitioner otherwise fails to state which witnesses were allegedly found to have been "untruthful" under oath, in what manner or proceeding this "untruthful" finding occurred, or how the Government prevented him from discovering the information in question. Indeed, in his motion, Petitioner specifically states that his "attorney was privy to [this] exculpatory information" and "failed to utilize this information during plea negotiations." (ECF No. 1 at 5). Petitioner has thus failed to identify the specific *Brady* material he was denied as he has not identified which witnesses were "untruthful" or where this "untruthful" finding was made, and in any event directly alleges

---

[2] Because Petitioner states that the "untruthful" witnesses in question were cooperating witnesses and co-defendants, it does not appear that his claim arises out of the issue with the task force officer's rough notes discussed above. To the extent the rough notes were meant to form the basis of this claim, Petitioner had those notes, and knew of the failure to disclose them, months before his sentencing, and any claim based on those notes would therefore run from the date his sentence became final as no Government created impediment remained which would have prevented the raising of those claims at the time that he was sentenced.

that the information could have been discovered with reasonable diligence prior to his guilty plea insomuch as he states that his lawyer possessed the alleged *Brady* material prior to his guilty plea. Petitioner thus fails to show that his alleged *Brady* claim in any way warrants a later start date of the running of the limitations period, and his current motion is clearly time barred absent some basis for equitable tolling. *Munchinski*, 694 F.3d at 327-28; *Rinaldi*, 248 F. App'x at 378.

Although the § 2255 limitations period is subject to equitable tolling under the appropriate circumstances, such tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). A petitioner may only receive the benefit of equitable tolling where he shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

The only argument for equitable tolling Petitioner presents is his *Brady* claim that certain unspecified witnesses at his trial were found to be untruthful under oath. As discussed above, Petitioner fails to identify what *Brady* material specifically he was denied, nor shows that he could not have discovered it prior to his sentencing. Indeed, he directly asserts that his lawyer possessed this information prior to his guilty plea. As such, Petitioner has failed to show any extraordinary circumstances warranting equitable tolling. As Petitioner has not shown that he is entitled to equitable tolling, and because the Court perceives no basis for the tolling of the limitations period under these circumstances, Petitioner's § 2255 motion is clearly time barred, and will be dismissed as such.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner's motion is clearly time barred and jurists of reason could not disagree with this Court's ruling that Petitioner has failed to establish a basis for equitable tolling, no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons stated above, this Court will dismiss Petitioner's § 2255 motion with prejudice as time-barred, and will deny Petitioner a certificate of appealability. An appropriate order follows this opinion.

Date: February 7, 2018

JOSE L. LINARES,
Chief Judge, United States District Court